IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**HELEN HEWETT,**

            Plaintiff,

v.                                                                  CIVIL ACTION NO. 3:20-CV-228
                                                                     (GROH)

**JOYCE MCDONALD, LISA
GOSHORN, and MICHELE MICHAEL**

            Defendants.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Pending before the Court is Plaintiff Helen Hewett's, ("Plaintiff") pro se Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis.[1] Because Plaintiff seeks to proceed *in forma pauperis*, the undersigned must conduct a preliminary review to determine whether Plaintiff's pro se Complaint [ECF No. 1] sets forth any viable claims. See 28 U.S.C. § 1915(e)(2)(B). Because the undersigned concludes that Plaintiff failed to state a claim upon which relief can be granted, the undersigned recommends that Plaintiff's complaint be dismissed, without prejudice, and Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

### II.   THE COMPLAINT[2]

On December 14, 2020, Plaintiff filed the instant pro se Complaint alleging that Defendants Joyce McDonald, Lisa Goshorn, and Michele Michael (collectively,

---

[1] This action was referred to the undersigned by Order dated February 16, 2021. ECF No. 5.

[2] It is difficult for the undesigned to describe the facts alleged in the Complaint because the Complaint is almost completely impossible to comprehend.

"Defendants")[3] harmed Plaintiff and Plaintiff's children. ECF No. 1-1 at 1-3. While the Complaint is difficult to understand, it appears that Plaintiff is asserting that Defendants are all responsible, in some way, for the kidnapping and molestation of Plaintiff's children. See ECF No. 1-1 at 1-3. Plaintiff makes no demand for relief in her Complaint.

### III. LEGAL STANDARD

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs . . . ." L.R. Gen. P. 3.01. The plaintiff files this affidavit along with her request or motion for leave to proceed *in forma pauperis*. Id. The Supreme Court of the United States has explained that the purpose of the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). This includes cases filed by non-prisoners. See Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727 (4th Cir. 2006) (holding that the district court did not abuse its discretion when it dismissed the non-prisoner complaints under 28 U.S.C. § 1915(e)(2)(B)). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted,

---

[3] Plaintiff only lists these three Defendants in the caption of the Complaint. However, Plaintiff includes several miscellaneous individuals and assertions throughout the Complaint. It is unclear how the additional individuals are relevant or related to this matter, if at all.

2

or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

A case is often dismissed *sua sponte* (i.e., on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing pro se complaints, the Court must construe them liberally. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV.    DISCUSSION

### A.    Jurisdiction

Before evaluating whether Plaintiff's Complaint sets forth a claim for relief, the undersigned must first determine if this Court has subject-matter jurisdiction. If a "court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (stating that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court"). Subject-matter jurisdiction in federal courts must be based on diversity jurisdiction or federal-question jurisdiction. 28 U.S.C. §§ 1331, 1332. Sharp v. AT & T Commc'ns, 660 F. Supp. 650, 650 (N.D. W. Va. 1987).

Diversity jurisdiction has two requirements: First, there must be complete diversity of citizenship, meaning that each plaintiff is a citizen of a different state than each defendant. 28 U.S.C. § 1332. Second, the amount in controversy must exceed $75,000. Id. Here, Plaintiff claims this Court has diversity jurisdiction under § 1332. ECF No. 1 at 1. Based on the limited information in the complaint, Plaintiff is a citizen of West Virginia. Id. Plaintiff lists all Defendants as residing at an address in Pennsylvania. Id. However, Plaintiff does not make a demand or state the relief she desires in her Complaint. See

4

ECF No. 1-1. It is unclear whether Plaintiff is seeking monetary relief, and if so, the amount in damages Plaintiff seeks. Plaintiff does state in her incomprehensible Complaint, "As for the money demanded I believing divided by the defendants and the states I have run thru for Safety, she have to pay it." Id. at 2-3. The undersigned is at a loss for how to construe this sentence. It is unclear who and what Plaintiff is referring to. Importantly, Plaintiff previously refers to money as part of the facts of the Complaint. Id. at 1, 2. If this is a demand for monetary relief from Defendants, Plaintiff still does not provide an amount, let alone an amount exceeding $75,000.00. Id. at 2-3. Further, Plaintiff could be merely seeking equitable relief, such as requesting that her children be returned to her. The Court does not know what Plaintiff desires based on the lack of information and clarity. Therefore, because there is no request for monetary relief that exceeds $75,000.00, diversity jurisdiction does not exist under § 1332.

Federal-question jurisdiction requires that the action "aris[e] under the Constitution, laws or treatises of the United States." 28 U.S.C. § 1331. In the Complaint, Plaintiff does not appear to argue that this Court has federal-question jurisdiction and does not intend to bring the matter under such a basis. ECF No. 1 at 1. However, Plaintiff writes in her Complaint that another basis for jurisdiction is "interstate compact law to protect minors." Id. It is unclear what exactly Plaintiff intends, here. Depending on Plaintiff's intention, this ground could give rise to federal-question jurisdiction, aside from whether such a basis would be compatible with the facts in the Complaint.

Nevertheless, in the event that jurisdiction does somehow exist, the undersigned will consider whether the complaint states a claim upon which relief can be granted.[4]

---

[4] Additionally, in analyzing the Complaint, the undersigned is unsure if Plaintiff has filed this case in the proper venue, pursuant to 28 U.S.C. § 1391(b). Frankly, the Complaint is so incomprehensible that

**B. Failure to State a Claim**

It is generally difficult to understand what Plaintiff is alleging and against whom. Plaintiff mentions several individuals in the Complaint who allegedly committed multiple illegal acts. See ECF No. 1-1 at 1-3. However, Plaintiff only named three Defendants in the Complaint, and it is unknown how these additional individuals relate to the claims against Defendants. Thus, the undersigned will only consider the facts that relate to the three named Defendants Joyce McDonald, Lisa Goshorn, and Michele Michael.

Even liberally construed, Plaintiff's Complaint is generally impossible to understand and leaves both this Court, and the would-be Defendants in this case, largely guessing as to what Plaintiff's claims are and the grounds upon which they rest. See Twombly, 550 U.S. at 555. Although Plaintiff alleges that Lisa Goshorn was paid to rape Plaintiff's daughter [ECF No. 1-1 at 2], which raises serious concerns for the Court, she provides no facts to support this claim, and the Court, and the would-be Defendants are left to guess as to the nature of Plaintiff's allegations. The Court needs specified facts and not just general, conclusory statements to determine if Plaintiff has a claim upon which any court could grant relief. See Twombly, 550 U.S. at 555.

Plaintiff makes other serious accusations against Lisa Goshorn. ECF No. 1-1 at 2. Again, there are no facts to enable the undersigned to construe what Lisa Goshorn allegedly did, but only incredulous statements.

---

it is unclear whether a "substantial part" of the events at issue, as it pertains to the named Defendants, occurred in the Northern District of West Virginia. Further, Plaintiff lists the Defendants as residing in Pennsylvania, outside of the Northern District of West Virginia.

Further, there are little to no facts in the Complaint involving Defendants Joyce McDonald and Michele Michael beyond the simple inclusion of their names. The Court cannot make a real determination as to the plausibility of the claim because no factual details are provided to explain the basis of Plaintiff's accusations.[5] Therefore, Plaintiff's Complaint fails to state a claim upon which relief could be granted.

### V.     RECOMMENDATION

For the foregoing reasons, I find that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, I **RECOMMEND** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and Plaintiff's Motion [ECF No. 4] for Leave to Proceed In Forma Pauperis be **DENIED AS MOOT**.

Plaintiff Helen Hewett, shall have fourteen (14) days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841,

---

[5] The allegations contained in Plaintiff's Complaint are serious and disturbing, which the undersigned does not take lightly. However, broad, conclusory allegations and labels without a scintilla of factual support is insufficient to state a claim upon which relief can be granted. Noteworthy, this is Plaintiff's **fourth** Complaint before this Court, where Plaintiff has raised similar assertions. Plaintiff has raised serious allegations against named Defendants in each Complaint, and other individuals, without comprehensible facts to support such claims.

845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to mail a copy of this Report and Recommendation to the pro se Plaintiff by certified mail, return receipt requested, to her last known address as reflected on the docket sheet.

Further, because this Report and Recommendation completes the referral from the District Court, the Clerk is directed to terminate the Magistrate Judge association with this case.

Respectfully submitted this 18th day of February, 2021.

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE